UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EDWARD LAWSON**<br>    LA. DOC #398660<br>VS. | **CIVIL ACTION NO. 3:13-cv-2549**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **ASST. WARDEN GRIFFEN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Edward Lawson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 26, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC); he is incarcerated at the Franklin Parish Detention Center (FPDC). He complains that he was wrongfully transferred from the Tensas Parish Detention Center (TPDC) to his present place of confinement; that he is denied access to the courts because of deficiency's in the FPDC law library; that he is denied access to rehabilitation programs; and, that once, in July, he became overheated during "yard call" and his requests to return indoors were denied by Corrections Officer Parks. He also intimates that he fears an attack on his person by other inmates.

Plaintiff sued Warden Chad Lee and Assistant Wardens Emfinger and Griffen praying only for a transfer to a DOC facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

***Statement of the Case***

Plaintiff is an inmate in the DOC's custody. In June 2013 plaintiff was transferred from

TPDC to FPDC by Warden Smith who, according to plaintiff, wrongfully accused him of participating in a gang fight sometime in May 2013.

Plaintiff claims that he is now unable to attack his conviction and the 15 year hard labor sentence he is serving because of inadequacies at the FPDC law library, namely, that he and other inmates are not allowed access to the law books containing "the information that I need to work on my case..." and, that the prison's inmate counselors are prohibited from providing the assistance their fellow inmates are entitled to receive.

He also complains that he is not allowed to participate in educational or vocational or other rehabilitation programs.

He complains that on July 29, 2013, while he was on "yard call" his requests to Sgt. Parks to return inside because of the heat and his request for water were ignored.

Finally, he claims that some of the inmates involved at the gang fight at TPDC are now incarcerated at FPDC and therefore "things could turn out bad."

As noted above, plaintiff seeks only prospective injunctive relief – a transfer to a DOC facility.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

2

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Transfer*

Plaintiff sued Warden Lee and his assistants, Emfinger and Griffen. His prayer for relief seeks only prospective injunctive relief – an immediate transfer to a DOC facility. Plaintiff is an inmate in the custody of the DOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an DOC inmate and therefore his placement is solely within the purview of the DOC.

Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any

3

substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Clearly, plaintiff is not entitled to the relief prayed for and his complaint must be dismissed for failing to state a claim for which relief may be granted.

For the same reasons, his claim that he was wrongfully transferred from TPDC to his present place of confinement must fail. To the extent that plaintiff claims that his transfer was in violation of his right to Due Process, his claim is frivolous. As noted above, prisoners have no liberty interest in being held in any particular institution.

*3. Access to Courts*

Plaintiff complains that he is being denied his constitutionally protected right of access to the courts during his confinement FPDC. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v.*

*Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Plaintiff has not demonstrated that his ability to prepare and transmit necessary legal documents to the court have been curtailed. Plaintiff apparently seeks to mount a collateral attack on his conviction and sentence. Such an attack begins with the filing of an Application for Post-Conviction relief in the Louisiana District Court of conviction. See La. C.Cr.P. art. 924 *et seq*. An applicant seeking post-conviction relief in the Louisiana Courts is required to utilize the form approved by the Louisiana Supreme Court. That form directs applicants to allege <u>facts in support of their claims</u> and specifies that <u>"No citation of authorities or legal arguments are necessary</u>." Supreme Court Rules, Appendix "A". Clearly, the facts supporting his claim for post-conviction relief are known by the plaintiff and his inability to obtain access to law books is of no moment.

In addition, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was <u>prejudiced</u> by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This

requirement that a claimant show "<u>actual injury</u>" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading. Plaintiff has alleged no prejudice resulting from the inadequacies of the FPDC law library.

In short, plaintiff has not demonstrated that he is being thwarted in his ability to file the necessary pleadings to obtain post-conviction relief; nor has he demonstrated prejudice as required by the jurisprudence. His access to courts claim is frivolous.

*4. Rehabilitation Programs*

Plaintiff contends that he is entitled to participate in educational and vocational programs during the period of his incarceration. Plaintiff mistakenly assumes that he has a Constitutional right to participate in such rehabilitation programs. Inmates do not a have a protected property or liberty interest in rehabilitation programs. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Nor do prisoners have a constitutional right to participate in drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections). The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988). Thus, plaintiff's complaint, insofar as it asserts the existence of a constitutional right to rehabilitation programs, fails to state a claim for which relief may be granted.

*5. Cruel and Unusual Punishment*

Plaintiff complains that on July 29, 2013, a corrections officer ignored his complaints about the heat and refused to allow him to return inside or to have a drink of water. Such

complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "<u>so serious as to deprive prisoners of the minimal measure of life's necessities,</u>" as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with <u>deliberate indifference to the prisoner's conditions of confinement</u>. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual

punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

Plaintiff was clearly inconvenienced on the date in question. However, this inconvenience did not amount to cruel and unusual punishment. Plaintiff has alleged no specific harm resulting from his exposure to the heat of a Louisiana summer. To rise to the level of a constitutional violation, the conditions must be " 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities... '"*Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). Thus, in order to prevail on such a claim, the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. *See Siglar v. Hightower*, 112 F.3 191, 193-94 (5th Cir.1997); *Alexander v. Tippah County, Miss*, 351 F.3d at 630-31; *Luong v. Halt*, 979 F.Supp. 481, 486 (N .D.Tex.1997). Plaintiff has alleged no more than discomfort and inconvenience and with respect to his conditions of confinement claim, that alone is insufficient to state a claim for which relief may be granted.

Further, plaintiff complains about the possibility that "things could turn out bad" with regard to having seen some other inmates housed at the FPDC; however, he has not demonstrated real danger nor has he alleged whether he has requested intervention from the defendants with regard to the perceived danger. In short, his claim is without a basis in law or fact.

***Conclusion and Recommendation***

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be

8

granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, November 4, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE